AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

DEC 18 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| SOTHEA LONG | ) | Case No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**MAG**

3  18  71776

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 16, 2018_____ in the county of _____San Mateo_____ in the

_____Northern_____ District of _____California_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(5)(B) | Alien in Possession of a Firearm |

This criminal complaint is based on these facts:

Please see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David Vargas, SA - Dept. of Homeland Security
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _12-18-18_

_____
*Judge's signature*

City and state: _____San Francisco, California_____

Hon. Sallie Kim, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Vargas, your affiant, having been duly sworn, depose and state as follows:

### INTRODUCTION

1.      This affidavit is submitted in support of a criminal complaint against Sothea Long for Alien in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2).  The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records relating to this investigation, communication with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience.  Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation.

### AGENT BACKGROUND

2.      I, David Vargas, am a Special Agent ("SA") of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") and have been so employed since December 24, 2017.  Prior to becoming a SA I was employed as a Deportation Officer and Immigration Enforcement Agent of the U.S. DHS, ICE, Enforcement and Removal Operations ("ERO") since February 26, 2007.  I am currently assigned to the Resident Agent in Charge, San Francisco International Airport ("RAC/SFIA").  I have completed multiple Law Enforcement Training Academies, including HSI Special Agent Training and the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Brunswick, Georgia.  I am a commissioned law enforcement officer of the United States and am authorized to carry firearms, execute warrants, make arrests for offenses against the United States of America, and perform other law enforcement duties as authorized by law.

3.    I am currently responsible for investigating violations of federal criminal statutes, including cases involving the unlawful possession of firearms, as well as cases involving the commission of immigration offenses. In the course of the investigation described herein, I have consulted with other HSI SAs as well as members of the United States Customs and Border Protection ("CBP"). In the course of my career, I have interviewed thousands of individuals regarding their immigration status. I have arrested numerous individuals who had committed immigration violations. I am familiar with various types of visas, including nonimmigrant visas, as defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(26)). Among the nonimmigrant visas I am familiar with are "F-1 visas," which are assigned to nonimmigrant students attending approved schools or universities in the United States for a temporary period, after which the F-1 visa holder is mandated to return back to his or her native country. In the course of my career, I have spoken with numerous holders of F-1 visas.

## APPLICABLE LAWS

4.    Title 18, United States Code, Section 922(g) states, in pertinent part, that "It shall be unlawful for any person . . . (5) who, being an alien . . . (B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)) . . . to ship or transport in interstate or foreign commerce, or possesses in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. Title 18, United States Code, Section 924(a)(2) states: "Whoever knowingly violates subsection . . (g) . . . of section 922 shall be fined pursuant to this title, imprisoned not more than 10 years, or both."

5.    Section 101(a)(26) of the Immigration and Nationality Act, codified at Title 8, United States Code, section 1101(a)(26), provides that "'nonimmigrant visa' means a visa properly issued to an alien as an eligible nonimmigrant by a competent officer as provided in this chapter."

2

## FACTS SUPPORTING PROBABLE CAUSE

6.     On December 16, 2018, at approximately 11:28 p.m., a CBP official working at the international terminal of San Francisco International Airport ("SFO") was advised that, approximately fifteen minutes earlier, a representative from the Transportation Screening Administration ("TSA") had discovered multiple firearm parts in three separate pieces of checked luggage. Each of the three bags belonged to Cambodian national Chantha Long ("Chantha"), who was set to board a flight to Taiwan via EVA Airlines flight BR 17. Flight BR 17 was scheduled to depart SFO on December 17, 2018 at approximately 12:05 a.m.

7.     On December 16, 2018, at approximately 11:55 p.m., CBP officers walked to gate G96 of the international terminal and contacted Chantha Long, who officers identified using a Cambodian passport bearing the same name. Officers also contacted Ms. Long's co-traveler, Sothea Long ("Sothea"). Officers identified Sothea Long using a Cambodian passport bearing the same name. Sothea Long advised that Chantha was his mother and that they were on their way home to Cambodia. Sothea further stated that he and his mother had checked-in a combined total of eleven suitcases for their flight, and that they had two carry-on suitcases. Sothea said that he was an F-1 student and that he had graduated from Sacramento State University approximately two weeks earlier with a bachelor's degree. Sothea advised that Chantha had visited him for two weeks, and that they were now headed back to Cambodia. Based on my training and experience, I know that an "F-1 student" refers to an F-1 student visa, which is a nonimmigrant visa as defined in 8 U.S.C. § 1101(a)(26).

8.     At approximately 12:09 a.m., CBP officers escorted Sothea Long and Chantha Long to the SFO baggage area. At approximately 12:13 a.m., Sothea and Chantha were placed in separate search rooms along the G side baggage area. A personal search of Chantha revealed $1,505 in US currency. A personal search of Sothea was performed with negative results.

9.     At approximately 12:20 a.m., CBP officers performed an inspection of all eleven items of checked luggage belonging to Sothea Long and Chantha Long. During this inspection, CBP officers located multiple pistols, rifles and firearm magazines in various bags. As of this

writing, a total of eleven firearms were recovered from these eleven bags. Among the eleven firearms CBP officers recovered from this luggage was a KRISS Vector .45 caliber semiautomatic rifle bearing serial number 919C003478.

10.     At approximately 2:00 a.m., SA David Taylor and I reported to SFO and observed the eleven firearms recovered during CBP's inspection of the aforementioned luggage.

11.     At approximately 2:26 a.m., SA Taylor and I conducted a recorded interview with Sothea Long at SFO. Prior to the interview, SA Taylor advised Sothea Long of his *Miranda* rights. After clarifying his rights, Sothea Long agreed to speak with us. In summary, Sothea told us the following: he is a citizen and national of Cambodia. He entered the United States approximately four years ago on a student visa and has been attending Sacramento State University. He acknowledged possessing all of the firearms recovered from the eleven pieces of luggage. According to Sothea, the firearms were purchased over the internet during the last few months by his friends in Cambodia and were shipped to Sothea's house in Sacramento. He was advised by his friends in Cambodia that he could pack the firearms in his luggage if he did not bring bullets or explosives with him. He was told by his friends to take the firearms apart. He placed the firearms into his mother's luggage without her knowledge. He did not declare the firearms to the airline or to CBP. He received a payment of $200 for transporting the guns a few months ago and was going to receive additional compensation upon delivering the firearms to Cambodia. He was previously told by a gun shop employee that he cannot purchase a firearm because he is an international student. He does not currently possess a license to carry a firearm. At approximately 2:55 a.m., the interview with Sothea Long was concluded.

12.     With the assistance of a Cambodian interpreter, SA Taylor and I attempted to interview Chantha Long. However, Chantha Long requested the assistance of an attorney before answering any questions. We did not attempt to question her further.

13.     At approximately 7:30 a.m., Sothea Long was transferred to HSI custody and transported to the San Francisco County Jail.

4

14.    As part of my investigation in this case, I arranged for images of some of the recovered firearms to be submitted to Special Agent Andrew Balady of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  SA Balady has received prior formal training through the ATF and through additional law enforcement organizations concerning the identification of firearms and ammunition, as well as the examination of firearms and ammunition for purposes of determining the manufacturer and the place of manufacture. Based on his review of these materials, SA Balady advised that the KRISS Vector .45 caliber semiautomatic rifle bearing serial number 919C003478 was a firearm manufactured outside of California and therefore would have crossed state lines in order to have been located at San Francisco International Airport.

## CONCLUSION

15.    Based on the facts and circumstances described in this affidavit, along with my training, experience, and consultation with other experienced law enforcement agents, there is probable cause to believe that on December 16, 2018, Sothea Long committed a violation of federal law, to wit, Alien in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2).

//

//

//

//

//

//

//

//

//

//

//

5

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge and belief.

DAVID VARGAS
Special Agent
U.S. Immigration & Customs Enforcement
Homeland Security Investigations

SUBSCRIBED and SWORN before me this __/ ꞗ__ day of December, 2018

HON. SALLIE KIM
UNITED STATES MAGISTRATE JUDGE

6